IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY GARDNER, | § | |
| TDCJ #1003719, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0219 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Kirby Gardner (TDCJ #1003719, former TDCJ #595861 and #406330), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Gardner has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.   BACKGROUND

Gardner is presently incarcerated in TDCJ as the result of a conviction for possession of cocaine in cause number 831335. In that case, the 185th District Court of Harris County, Texas, sentenced Gardner to serve twenty years in prison. Court records reflect that Gardner

has prior felony convictions for robbery and credit card abuse. *See Gardner v. Dretke*, Civil Action No. H-04-0026 (S.D. Tex.).

Gardner does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Stringfellow Unit in Brazoria County, Texas, where he presently resides. According to the pleadings, officials at the Stringfellow Unit issued charges against Gardner in disciplinary case #20080199222 for violating prison rules. Gardner does not specify the nature of these charges. After a hearing on April 10, 2008, a disciplinary captain found Gardner guilty of the charges against him. As a result of this conviction, Gardner was reduced in classification status from L1 to L2 and he forfeited 120 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Gardner also alleges that the disciplinary conviction has adversely affected his parole eligibility. Gardner filed a Step 1 and a Step 2 grievance to challenge the conviction, but prison officials upheld the conviction after finding that the evidence was sufficient to support the guilty finding.

Gardner now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Gardner contends that he is entitled to relief because the charges against him were "false" and, therefore, he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition, the Court finds that Gardner is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.     DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Gardner contends that the disciplinary conviction and the attendant punishment has adversely affected his eligibility for early release from prison onto parole. This argument does not implicate any particular right found in the Due Process Clause. In that respect, the Due Process Clause does not include a right to conditional release before the expiration of

a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, the petitioner's due process argument depends on the existence of a constitutionally protected interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). For reasons discussed briefly below, Gardner fails to show that the disciplinary proceedings or the sanctions imposed against him infringed a liberty interest of the sort that is protected by the Due Process Clause.

As a result of the disciplinary proceeding, Gardner was reduced in classification status. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison*

*v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because his reduction in classification status does not implicate a protected liberty interest, Gardner cannot show that he is entitled to habeas corpus relief from this particular form of punishment.

In addition, prison officials also revoked 120 days of previously earned good-time credit as a result of the disciplinary conviction that Gardner challenges. Gardner, who has a prior conviction for robbery, is not eligible for early release on mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(11) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code," for robbery). This is fatal to his due process claims.[1] *See Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

---

[1] At least two other habeas petitions filed by Gardner have been dismissed for this reason, after finding that Gardner was not eligible for mandatory supervision and could not establish a due process violation as a result. *See Gardner v. Dretke*, G-06-0245 (S.D. Tex.); *Gardner v. Dretke*, G-06-0248 (S.D. Tex.).

Because Garner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.[2] It is well established, however, that there is no protected liberty interest in obtaining parole in Texas. *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). In other words, because Gardner has no constitutional right to parole, and he is not eligible for early release on mandatory supervision, his good-time credit sanction does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause. *See Madison*, 104 F.3d at 768-69. Accordingly, Gardner cannot demonstrate a violation of the Due Process Clause in connection with the disciplinary conviction and its alleged adverse effect upon his parole eligibility. *See id.*

In summary, because the sanctions assessed against Gardner do not implicate a protected liberty interest, he fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Gardner is not entitled to habeas corpus relief.

## III. CERTIFICATE OF APPEALABILITY

---

[2] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

7

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

**IV.   CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

    The Clerk shall provide a copy of this order to the parties.

SIGNED on October 30, 2008.

_____
Nancy F. Atlas
United States District Judge